IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EULOGIO GALARZA-TORRES**,
   Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**
   Defendant.

Civ. No. 19-2024 (MDM)

**OPINION AND ORDER**

Presently before the Court is the Commissioner of Social Security's (the "Commissioner") Motion to Dismiss plaintiff's action as untimely. (Docket No. 26). Plaintiff filed an opposition to the Motion to Dismiss. (Docket No. 54). After reviewing the parties' submissions and the pertinent law, the Court **GRANTS** the Motion to Dismiss at Docket No. 26.

**I.**    **Background and Operative Facts**

Plaintiff, Eulogio Galarza Torres (the "plaintiff"), applied for Title II social security disability on July 15, 2014. Plaintiff's application was denied initially and then again on reconsideration. Plaintiff subsequently requested a hearing before an administrative law judge ("ALJ"). Hearings were held on July 19, 2017, and June 26, 2018. On September 4, 2018, the ALJ issued a decision denying plaintiff's application for disability insurance benefits, finding that he was not disabled within the meaning of the Social Security Act and therefore was not entitled to disability insurance benefits. Plaintiff appealed that decision to the Appeals Council, and, by a decision dated May 1, 2019, the Appeals Council denied his request for review. (*See* Notice of Appeals Council Action, Docket No. 40-1). Because the Appeals Council declined plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981.

By handwritten letter dated July 2, 2019, plaintiff requested the Appeals Council to extend the time to file a civil action in federal court. On July 9, 2019, the Appeals Council received plaintiff's letter. (Docket No. 40-1 at 1-4; 32-33). On October 29, 2019, plaintiff commenced the present action. (Docket Nos. 1, 2). On February 21, 2020, the Appeals Council denied plaintiff's request for an extension of time to file a civil action, that is, four (4) months after plaintiff had filed the present action. On December 3, 2021, the Commissioner, and defendant herein, filed a Motion to Dismiss plaintiff's action alleging it was not filed in a timely fashion.

**II.   Discussion**

A.   Timeliness of this civil action

The above-captioned complaint, which plaintiff filed on October 29, 2019, seeks to challenge a decision that the Social Security Administration ("SSA") issued on May 1, 2019. Because the plaintiff's complaint was filed well past the sixty-five-day period for seeking judicial review in federal court, the Commissioner persuasively argues that the Court should dismiss plaintiff's complaint as untimely. The Court agrees with the Commissioner.

On May 1, 2019, the Appeals Council declined plaintiff's request to review the ALJ's decision through a "Notice of Appeals Council Action" (the "Notice") which was sent to, and received by, the plaintiff. The Notice states as follows:

> You have 60 days to file a civil action (ask for court review). The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Docket No. 40-1). As such, the Notice from the Appeals Council advised the plaintiff that he *must* file a civil action in federal court *within* sixty (60) days of receiving that decision (plus five (5) days mailing time), if at all.

In line with the agency's proceeding, a claimant disappointed by the final decision of the Commissioner, like the plaintiff in this case, is notified by the Social Security Administration that he may seek judicial review in federal district court pursuant to 42 U.S.C. § 405(g). The default rule under § 405(g) is that a disability claimant *must* file his civil action "within sixty days after the mailing to him of notice of [the Commissioner's final] decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).[1] The Court of Appeals for the First Circuit has recognized that "under 20 C.F.R. § 422.210(c), the Commissioner has done just that: pursuant to this regulation, the sixty-day time limit starts when the individual receives the notice of the Appeals Council's action." *Walker-Butler v. Berryhill*, 857 F.3d 1, 3 (1st Cir. 2017). In *Walker-Butler,* supra*,* the

---

[1] It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976) and *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941)). Congress may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be obtained. *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). Judicial review of final decision on claims arising under Title II of the Social Security Act is provided for and limited by Sections 205(g) and (h) of said Act, 42 U.S.C. §§ 405(g) and (h). The remedy provided by Section 205(g) is obviously exclusive. The relevant provisions of section 205(g) reads as follows:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. . . .
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter (emphasis added).

First Circuit went on to note that, § 422.210(c) "provides that '[f]or purposes of this section, *the date of receipt of notice . . . shall be presumed to be 5 days after the date of such notice*, unless there is a reasonable showing to the contrary.'" *Id.* (citing 42 U.S.C. § 422.210(c)).[2]

Accordingly, "a claimant has sixty-five (65) days from the date of the [C]ommissioner's final decision to commence a timely action for review of that decision." *Bean v. Colvin*, No. 16-cv-00174-JDL, 2016 WL 6684201, at *1 (D. Me. Nov. 14, 2016), R&R adopted, 2016 WL 7335589 (D. Me. Dec. 16, 2016); *Roderick H. v. Soc. Sec. Comm'r*, No. CV 22-000250-WES, 2022 WL 17039224, at *1 (D.R.I. Nov. 17, 2022). The claimant may request that the time for filing an action in federal court be extended (within the statutory timeframe) through a written request, and he must give the reasons why the action was not filed within the stated time period. 42 U.S.C. § 404.982.

It is clear from the above provisions of the Social Security Act, that a civil action in federal court under Title II of the Social Security Act *must* be commenced within *sixty-five (65) days* of the date of the Notice from the Appeals Council. Pursuant to the applicable provisions, therefore, the plaintiff in this case is presumed to have received the Appeals Council's Notice dated Wednesday, May 1, 2019, by *no later* than Monday, May 6, 2019, that is, five days later. As the Commissioner correctly observes, based on this calculation, plaintiff was required to file a civil action *no later than sixty-five days* after receipt of the Notice dated May 1, 2019, that is, by July 5, 2019. In other words, the sixty-five-day (65) deadline for plaintiff to file a civil action *expired* on July 5, 2019, and it is *not* disputed by the plaintiff that he did *not* file an action by said date. Indeed, the plaintiff failed to commence a civil action for review in federal court within the mandatory timeframe, and, as such this action is untimely.

---

[2] A claimant is presumed to have received the Appeals Council's Notice within five days of the date of the Notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. § 422.210(c).

The Court notes, moreover, that the plaintiff requested the Appeals Council to extend the time to file through a handwritten letter dated July 2, 2019. While the letter provides a handwritten date of July 2, 2019, it is undisputed that that letter was not *received* by the Appeals Council until July 9, 2019. To that effect, the letter is stamped by the SSA as "Received" by the "OAO Mailroom" on July 9, 2019.[3] As such, on its face, plaintiff's request for an extension of time to file a civil action is *untimely* because it fell *outside* the sixty-five-day (65) deadline, even if just by a few days. By declining to seek a timely extension of the time to file a civil action from the Appeals Council, plaintiff has effectively deprived the agency of an opportunity to exercise its judgment.

Plaintiff tries to justify his belated filing by arguing that the Notice from the Appeals Council contains defective instructions related to his right to file for court review, and that it provides inadequate, incorrect, and misleading information related to the procedure to request an extension of time. While the Court does sympathize with the plaintiff, the fact is that he did *not* seek judicial review, nor did he request an extension of time, *within* the statutory sixty-five-day mandatory period to file a civil action in federal court. Accordingly, plaintiff's action is clearly untimely, and the Court declines the plaintiff's invitation to challenge the sufficiency or adequacy of the instructions included in the Notice, which have been carefully and thoughtfully crafted by the agency, implemented for years by the SSA, and which have been successfully followed by millions of claimants.

Contrary to plaintiff's theory, the Appeals Council's Notice explicitly and accurately informed the plaintiff of the time limits he had to seek judicial review in federal court. Furthermore, the Notice unequivocally advised plaintiff that "[he] ha[d]

---

[3] Other than pointing to the fact that the letter contains a handwritten date of July 2, 2019, plaintiff neither alleges, nor offers any proof, that his letter to the Appeals Council requesting an extension of time to file a civil action was actually mailed, postmarked, or received by the Appeals Council on July 2, 2019, or any date *prior* to July 5, 2019. In contrast, there is uncontested evidence in the record that the plaintiff's letter was received by the Appeals Council on July 9, 2019. (*See* Docket No. 40-1 at 1-4; 32-33). Faced with this evidence, and no arguments to the contrary from the plaintiff, there is no way for the Court to determine that the request for extension was actually filed *prior* to July 5, 2019.

60 days to file a civil action," which "start[s] the day after you receive this letter," plus five days mailing time. Plaintiff was therefore fully informed of the time in which he could seek judicial review. Notwithstanding, plaintiff did not file his civil action until October 29, 2019, well beyond the sixty-five-day (65) deadline of July 5, 2019. (Docket Nos. 1, 2). Plaintiff's belated filing is particularly egregious in this case where the complaint was filed one hundred and eighty-one (181) days *after* the May 1, 2019, Appeals Council's decision, that is, one hundred and sixteen (116) days *late—without* any justification.

Further bolstering the Court's conclusion that plaintiff's action is untimely is the fact that the statute of limitations period provided by Congress in Section 205(g) of the Social Security Act serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481, (1986). The Court of Appeals for the First Circuit has upheld this limitation in numerous cases. *See e.g., McDonald v. Secretary*, 834 F.2d 1085, 1087 (1st Cir. 1987); *Small v. Gardner*, 390 F.2d 186 (1st Cir. 1968), cert. denied, 383 U.S. 984 (1968); *see Walker-Butler v. Berryhill*, 857 F.3d 1, 3 (1st Cir. 2017). Other circuit courts have held likewise. *See e.g., Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988); *see also Matsibekker v. Heckler*, 738 F.2d 79, 81-82 (2d Cir. 1984); *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986); cert. denied, 484 U.S. 820 (1987); *Hunt v. Schweiker*, 685 F.2d 121 (4th Cir. 1982); *Flores v. Sullivan*, 945 F.2d 109, 111-13 (5th Cir. 1991); *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990); *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987); *Thibodeaux ex rel. Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987) (per curiam); *Biron v. Harris*, 668 F.2d 259 (6th Cir. 1982); *Whipp v. Weinberger*, 505 F.2d 800 (6th Cir. 1974); *Lloyd v. Sullivan*, 882 F.2d 218 (7th Cir. 1989); *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam); *Banta v. Sullivan*, 925 F.2d 343 (9th Cir. 1991); *Matlock v. Sullivan*, 908 F.2d 492 (9th Cir. 1990); *Peterson v. Califano*, 631 F.2d 628 (9th Cir. 1980); *Dozier v. Bowen*, 891 F.2d 769, 771 (10th Cir. 1989); *White*

*v. Schweiker*, 725 F.2d 91 (10th Cir. 1984); *Stone v. Heckler*, 778 F.2d 645, 646-49 (11th Cir. 1985).

Based on the foregoing, plaintiff's action is plainly time-barred. As such, the complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) unless plaintiff can "sketch a factual predicate that would provide a basis for tolling the statute of limitations." *Abdallah v. Bain Capital LLC*, 752 F.3d 114, 119 (1st Cir. 2014) (internal quotations omitted). There is no such basis for tolling in this case.

### B. Equitable Tolling

In *Califano v. Sanders*, 430 U.S. 99, 108, (1977), the Supreme Court stated that "the congressional purpose, plainly evidenced in [S]ection 205(g), [was to] impose a [durational] limitation upon judicial review of the Commissioner's final decision . . . ." Nonetheless, the sixty-five-day time limit to file a civil action under 42 U.S.C. § 405(g) is subject to equitable tolling. *See Bowen v. City of New York*, 476 U.S. 467, 480 (1986); *Walker-Butler v. Berryhill*, 857 F.3d 1, 6 (1st Cir. 2017). While this 65-day filing "requirement is not jurisdictional," it is "a condition on the waiver of sovereign immunity and thus *must be strictly construed.*" *City of New York*, 476 U.S. at 478. "Thus, 42 U.S.C. § 405(g) 'generally *precludes* late judicial challenge to the denial of benefits.'" *Piscopo v. Sec'y of Health & Human Servs.*, No. 93-2326, 1994 WL 283919, at *3 (1st Cir. June 27, 1994); *Roderick H. v. Soc. Sec. Comm'r*, No. CV 22-000250-WES, 2022 WL 17039224, at *2 (D.R.I. Nov. 17, 2022).

Moreover, in *City of New York*, supra, the Supreme Court held that the statute of limitations specified in Section 205(g) of the Social Security Act is a period of limitation which in a *rare case* can be tolled by the Commissioner (though *not* the case here) or the courts. The Supreme Court stated, nevertheless, that in most cases, the Commissioner should make the determination whether to extend the sixty-day period (plus 5 days) and that only "where the equities in favor of tolling the limitations period are *so great* that deference to the agency's judgment is inappropriate" should the courts extend the period. *City of New York*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

A plaintiff can demonstrate that he is entitled to equitable tolling by showing: "'(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary* circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 646 (2010)). Here, the plaintiff argues that, even if his action was untimely filed, good cause exists for missing the statutory deadline to request review in federal court because the instructions included in the Notice from the Appeals Council are confusing and he should not be "punished" for the agency's misleading instructions. Plaintiff also tries to excuse his untimely action by appealing to the Court's sympathy, claiming that he had some "health issues" and that he is a *pro se* plaintiff. Plaintiff's arguments in favor of equitable tolling are not persuasive.

To begin with, plaintiff's position that he is entitled to equitable tolling is unavailing as he failed to point to *extraordinary* circumstances that could justify equitable tolling of the statutory requirement of Section 205(g). As explained above, the Appeals Council's May 1, 2019, Notice adequately and clearly explained not only the process and deadlines associated with filing an action in federal court, but also the process and deadlines associated with requesting an extension of the time to file a civil action. (*See* Notice at Docket No. 26-2). Notwithstanding the clear and unambiguous language of the Notice and its explicit instructions to the plaintiff, he failed to file a civil action by the statutory deadline of July 5, 2019. Rather, four days *later* on July 9, 2019, he belatedly asked for an extension of time to file, which the Appeals Council later denied. Plaintiff then proceeded to file this untimely action on October 29, 2019, that is, *116 days late*. What is more, plaintiff never excused nor explained his untimeliness, nor did he formally request that this Court toll the deadline to file the instant complaint, until after he was faced with dismissal.

Plaintiff also attempts to show good cause for tolling the statute of limitations by unavailingly arguing that in his request for extension of time to the Appeals Council he cited "health reasons" to justify not filing the action within the required timeframe. Plaintiff also requests leniency from the Court with respect to the

application of the statute of limitations, arguing that he had appeared *pro se*. Neither argument is convincing.

With respect to plaintiff's "health reasons," the Court cannot pretend to know what "health reasons" means. Any argument by the plaintiff attempting to excuse his untimely filing by touching upon his "health," is so underdeveloped that it is impossible for the Court to determine how, if at all, plaintiff's health played any role in his inability to timely file this action. Nowhere in plaintiff's brief does he offer any explanation as to *how* he believes his "health" prevented him from filing this action in a timely manner. Thus, to the extent that plaintiff may have intended to argue that his health prevented a timely filing, any such challenge is deemed waived by the total absence of argument. *See United States v. Zannino,* 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Additionally, plaintiff claims that his health condition has deteriorated with the passing of time since he started his petition for disability insurance benefits. The mere fact that plaintiff's health has in any way changed *after* July 5, 2019 (the cutoff date to file in federal court) is not relevant to the Court's analysis.

As to plaintiff's argument that being a *pro se* plaintiff might in any way excuse his untimely action, plaintiff also misses the mark. Appearing *pro se* does not excuse a plaintiff from complying with statutory and administrative deadlines, especially without proper justification. There are no separate procedural nor administrative rules that apply to *pro se* litigants. On the contrary, *pro se* litigants are typically held to the same deadlines as counsel. *See e.g., King v. Colvin*, No. 14-CV-00978, 2015 WL 224777, at *1 (N.D.N.Y. Jan. 15, 2015) (Social Security complaint filed by a *pro se* plaintiff three days late, dismissed as untimely). The Court understands that it must be that way because courts cannot afford having two different legal systems, practices, and procedures, based on whether a party is represented by counsel or not. *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985) (quoting *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975)) ("[t]he right of

self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.'"). For that reason, parties are always encouraged to seek counsel early on in the proceedings.

In the present case, the plaintiff has failed to "sketch a factual predicate that would provide a basis for tolling the statute of limitations." *Abdallah*, 752 F.3d at 119. *See City of New York*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). Like the Commissioner argues, the principle of equitable tolling, described in *City of New York*, supra, is *not* intended to allow a plaintiff to *bypass* the Social Security Administration altogether, but to provide for tolling *only* "where the equities . . . are *so great* that deference to the agency's judgment is inappropriate." *City of New York*, 476 U.S. at 480 (emphasis added). Absent extraordinary circumstances for equitable tolling to apply, because the 65-day limit is a waiver of the government's sovereign immunity, which must be *strictly construed*, courts have *not* hesitated to enforce the deadline as a firm limit, and this Court follows suit.

In fact, courts have found that "failing to uphold the sixty-day limitation by granting review of the Commissioner's decision not to extend the sixty-day statute of limitations would frustrate Congress' purpose in enacting § 405(g)." *Kersey v. Astrue*, No. 06-CV-840, 2007 WL 6600736, at *2, (M.D. Fla. Sept. 14, 2007) (citing *Stone v. Heckler*, 778 F.2d 645 (11th Cir. 1985)). In line with that, courts have consistently enforced the sixty-day statute of limitations even when plaintiff filed only a few days late. *See e.g., Kesoglides v. Comm'r of Soc. Sec.*, No. 13-CV-4724, 2015 WL 1439862, at *4 (E.D.N.Y. Mar. 27, 2015) (listing numerous such cases within New York); *Hess v. Astrue*, No. 08-CV-131, 2009 WL 2513452, at *1 (D. Ariz. Aug. 14, 2009) (complaint filed one day late, dismissed as untimely); *Kersey*, 2007 WL 6600736, at *3 (complaint filed one day late, dismissed as untimely); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. July 17, 2002) (complaint filed one day late, dismissed as untimely); *Worthy v. Heckler*, 611 F. Supp. 271 (W.D.N.Y. 1985) (complaint filed two days late, dismissed as untimely); *O'Neill v. Heckler*, 579 F. Supp. 979 (E.D. Pa. 1984)

(complaint filed one day late, dismissed as untimely); *Estep v. Weinberger*, 405 F. Supp. 1097 (S.D.W. Va. 1976) (complaint filed one day late, dismissed as untimely).

Moreover, the Sixth Circuit Court of Appeals, in *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007), dismissed plaintiff's complaint as untimely and explained that even though "allowing [plaintiff] to file his complaint *one day late* likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Id*. (emphasis added). Such dismissals are not restricted to cases where plaintiff is represented by counsel and include those where the claimant is a minor. *See e.g., Thibodeaux by Thibidodeax v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987) (complaint filed on behalf of a minor two days late, dismissed as untimely); *King v. Colvin*, No. 14-CV-00978, 2015 WL 224777, at *1 (N.D.N.Y. Jan. 15, 2015) (complaint filed by a *pro se* plaintiff three days late, dismissed as untimely). Courts within the First Circuit have similarly dismissed complaints filed only a few days late. *See WalkerButler v. Berryhill*, 857 F.3d 1 (1st Cir. 2017) (complaint filed by a Plaintiff six days late, dismissed as untimely); *Miller v. Chater*, No. 96-69-SD, 1996 WL 392141, at *1 (D.N.H. June 6, 1996) (complaint filed by a Plaintiff eight days late, dismissed as untimely); *Johnson v. Sullivan*, No. C89-327-L, 1990 WL 357237, at *1 (D.N.H. Apr. 2, 1990). This Court agrees with, and will follow, the above cited precedent.

To wrap it up, plaintiff's complaint is untimely, and the equities here do not justify that the Court extend the period for filing this action.

### III.   Conclusion

Based on the foregoing, the Court finds that plaintiff's complaint is time-barred and thus subject to dismissal. The Commissioner's Motion to Dismiss at Docket No. 26 is **GRANTED**, and the present action is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of March 2023.

_____
MARSHAL D. MORGAN
United States Magistrate Judge